UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60401-CIV-DAMIAN

**EDWARD WAINWRIGHT**,

    Plaintiff,
v.

**NEIL DODGE**,

    Defendant.
_____/

## ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 80]

**THIS CAUSE** is before the Court upon Plaintiff, Edward Wainwright's ("Plaintiff" or "Wainwright"), Motion for Leave to Amend Complaint and Add Parties [ECF No. 80 (the "Motion")], filed February 18, 2025.

THE COURT has reviewed the Motion, the Response [ECF No. 81] and Reply [ECF No. 84], the applicable law, and the pertinent portions of the record and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

On March 13, 2024, Wainwright, appearing *pro se*, filed a Complaint against Defendant, Neil Dodge ("Defendant" or "Officer Dodge"), in both his official and individual capacities, asserting claims under 42 U.S.C. § 1983 related to Wainwright's arrest by Officer Dodge on March 14, 2021. *See generally* Compl. [ECF No. 1]. Upon screening the Complaint pursuant to 28 U.S.C. § 1915(e), this Court dismissed Wainwright's claims against Officer Dodge in his official capacity and allowed the claims against Officer Dodge in his individual capacity to proceed. *See* ECF No. 6.

On April 19, 2024, this Court issued an Order Providing Instructions To *Pro Se* Litigant, which was entered on April 22, 2024, cautioning that "*Pro se* litigants, like all litigants, must comply with the rules of civil procedure and the Court's orders." *See* ECF No. 4 (the "Order Providing Instructions"). The Order also provides:

> Although a *pro se* litigant is not entitled to the appointment of counsel in a civil case, a *pro se* litigant may request to participate in the Volunteer Attorney Program of the U.S. District Court for the Southern District of Florida by filing a motion for referral to Volunteer Attorney Program. The Court in its discretion may grant the motion and direct the case to be placed on an online list of available cases for consideration by volunteer attorneys.

*Id.* ¶ 9. A copy of the Order Providing Instructions was served on Wainwright at the address listed in the Court's file: 3580 NW 42nd St. Lauderdale Lakes, FL 33309. *Id.* at 3.

On August 14, 2024, this Court issued an Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge, requiring, among other things, that any motion to amend pleadings or to join parties be filed by September 9, 2024. [ECF No. 19 (the "Scheduling Order")].

Over five months after the expiration of the Court's deadline to amend pleadings, Plaintiff filed the Motion for Leave to Amend the Complaint that is now before the Court. In the Motion, Plaintiff seeks to amend his pleadings to add two new parties and to assert new claims. *See generally* ECF No. 80-1 ("Amended Complaint"). In the proposed Amended Complaint, Wainwright seeks to assert a new claim for use of excessive force against an a Unidentified Sheriff's Deputy alleging that the Unidentified Sheriff's Deputy "slamm[ed] Plaintiff's knee into a patrol car[ ]." *See id.* ¶ 20. Wainwright also seeks to assert a new claim for unusual punishment under the Eight Amendment against Sheriff Gregory Tony, in his official capacity, based on Wainwright's "inhumane" treatment at the detention center following his arrest. *See id.* ¶¶ 21–23. In addition, Wainwright appears to assert a new claim

2

for retaliation under the First Amendment. *See id.* ¶¶ 24, 28. Notably, in the proposed Amended Complaint, Wainwright alleges the same claim against Officer Dodge for false arrest in violation of his Fourth Amendment rights. *See id.* ¶ 19.

Wainwright claims that the additional parties "may be necessary to resolve all the issues presented in this case." Mot. at 2. He argues that leave to amend a pleading should be freely given pursuant to Federal Rule of Civil Procedure 15(a)(2), that this is his first request to amend, and that, while his Motion was filed after the deadline imposed by the Court's Scheduling Order, the delay is "simply the result of inadvertence by a self-represented litigant." *See id.* Wainwright further contends that there would be no prejudice to Officer Dodge if the Court were to grant the Motion. *Id.*

In Response, Officer Dodge argues that Wainwright has not shown good cause for his untimely request to amend the Complaint at this stage of the proceedings. Wainwright filed a Reply contending that the Broward Sheriff's Office has not worked in "good faith" and that they have repeatedly ignored requests under the Freedom of Information Act. [ECF No. 84]. The Motion is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "'In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.'" *Diesel "Repower", Inc. v. Islander Investments Ltd.*, 271 F.3d 1318, 1321 (11th Cir. 2001) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "However, leave to amend is by no means automatic. The decision to grant or to deny leave to amend is within

the discretion of the trial court." *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979).[1] This Court has the inherent authority to control its own docket by entering orders setting the course of conduct for the proceedings in trial. *See Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994). Accordingly, "[a] plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). "This good cause standard precludes modification unless the schedule[d] [deadline] cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). A court properly denies a motion to amend a complaint based on a finding that the plaintiff demonstrated a "lack of diligence in pursuing her claim" or exhibited "unexplained tardiness." *S. Grouts & Mortars, Inc.*, 575 F.3d at 1241; *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004).

### III.   DISCUSSION

As indicated above, the deadline to amend pleadings was September 9, 2024. Discovery is now closed, and the deadline to file dispositive motions also expired months ago. *See* Scheduling Order. This case is at issue, and, in fact, the Court has for consideration a ripe, case dispositive motion for summary judgment.

In a well-drafted Motion, Wainwright acknowledges the untimeliness of his request but states that good cause exists because (1) he is appearing *pro se*, and (2) Officer Dodge will not be unfairly prejudiced. *See* Mot. at 2. Initially, the undersigned does not agree that Officer

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

Dodge, who has filed a Motion to Dismiss and a Motion for Summary Judgment in the case, will not be prejudiced. In any event, whether or not Officer Dodge will suffer prejudice has little bearing on whether good cause exists to grant the relief Plaintiff requests. *See Donley v. City of Morrow, Georgia*, 601 F. App'x 805, 812 (11th Cir. 2015) ("[The plaintiff's] arguments—that he did not act in bad faith and that the Defendants would not have been prejudiced—ignore Rule 16(b) and do not show diligence or good cause for granting leave to amend many months after the deadline."). Second, while the Court recognizes that Plaintiff is appearing *pro se* and therefore employs "less stringent standards" in assessing his pleadings, *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 276-77 (11th Cir. 2008), this Court has warned Plaintiff that he must "comply with all Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida," in addition to "the Court's orders." Order Providing Instructions [ECF No. 4 at 1].

This Court has also notified Plaintiff that as the party bringing this case, he "bears responsibility for actively pursuing [it] and must obtain any essential discovery, file all necessary pleadings and motions, comply with all scheduling orders, and prepare the case for trial." *Id.* at 2. Accordingly, Plaintiff's attempt to use his *pro se* status as a vehicle to establish good cause to file the instant, untimely Motion, is unavailing. *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (refusing, in the habeas context, to "accept[ ] [the] lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion"); *see also McFarlin v. Douglas Cnty.*, 587 F. App'x 593, 595 (11th Cir. 2014) (citation omitted) ("a *pro se* litigant still is required to conform to procedural rules").

Plaintiff may be appearing *pro se*, but he has always had the ability to consult with an attorney regarding his legal claims, an opportunity he indicates he recently decided to take to prepare a response to Defendant's *Amended* Motion to Strike Plaintiff's Second Affidavit in

5

Opposition to Motion for Summary Judgment. *See* ECF No. 79 at 5. And Plaintiff was aware of the Court's Volunteer Attorney Program since at least April 22, 2024, but chose to wait until February 3, 2025, to file a Motion for Referral to Volunteer Attorney Program. [ECF No. 69].

Plaintiff also chose to wait until after the Court's amended pleadings deadline expired to consult with an attorney, and now seeks to join additional parties and bring additional claims apparently based on a conversation with an attorney. The proposed amendments are based entirely on facts available to Plaintiff at the initiation of these proceedings. *See* Am. Compl. [ECF No. 80-1]. In these circumstances, this Court finds that Plaintiff has demonstrated a "lack of diligence in pursuing [his] claim," and the Motion is due to be denied. *S. Grouts & Mortars, Inc.*, 575 F.3d at 1241; *see Vig v. All Care Dental, P.C.*, 588 F. App'x 900, 901 (11th Cir. 2014) (affirming district court's denial of motion to file amended complaint "because [plaintiff] had not alleged any previously unavailable facts and had not been diligent in pursuing the newly asserted causes of action").

Even if Wainwright's Motion had been timely filed, the Motion is still due to be denied because Wainwright seeks to add entirely distinct claims against new defendants. When new claims asserted in an amended complaint "'involve[ ] separate and distinct conduct,' such that the plaintiff would have to prove 'completely different facts' than required to recover on the claims in the original complaint, the new claims do not relate back." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1368 (11th Cir. 2018) (quoting *Moore v. Baker*, 989 F.2d 1129, 1132 (11th Cir. 1993)); Fed. R. Civ. P. 15(c).

As noted above, Wainwright seeks to assert a new claim for use of excessive force against an unidentified Sheriff's deputy for conduct distinct from that he alleges with respect to Officer Dodge and which occurred *after* his arrest by Officer Dodge. Wainwright also seeks

6

to add a new Eight Amendment claim for unusual punishment based upon the conditions and treatment at the detention center. These new causes of action do not arise out of the same conduct as the claim raised in the original Complaint (*i.e.*, false arrest claim against Officer Dodge). Such new claims will require additional discovery and motion practice as to the new defendants. Again, Wainwright has not demonstrated good cause to amend the Complaint to assert these distinct claims against new defendants. Moreover, "[i]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions," as in this case. *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002).

## IV.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Amend Complaint [**ECF No. 80**] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 12th day of August, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Edward Wainwright, *Pro se*
      3580 W 42nd St.
      Lauderdale Lakes, FL 33309

      Counsel of Record